The Honorable Charles L. Ormond State Representative 1500 View Street Morrilton, AR 72110-3725
Dear Representative Ormond:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed constitutional amendment:
 Popular Name AN AMENDMENT TO CREATE THE ARKANSAS COMMISSION ON LOTTERIES AND WAGERING TO OPERATE CHARITABLE BINGO, LOTTERY GAMES, AND WAGERING
 Ballot Title PROPOSING AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO ESTABLISH THE ARKANSAS COMMISSION ON LOTTERIES AND WAGERING WHICH SHALL BE VESTED WITH THE POWER TO OPERATE AND REGULATE CHARITABLE BINGO, LOTTERY GAMES, AND WAGERING GAMES; TO PROHIBIT THE GENERAL ASSEMBLY FROM REGULATING THE COMMISSION OR CHARITABLE BINGO, LOTTERY GAMES, OR WAGERING GAMES CONDUCTED BY THE COMMISSION; TO PROVIDE THAT THE FREEDOM OF INFORMATION ACT OF 1967 AND THE ARKANSAS ADMINISTRATIVE PROCEDURES ACT WILL NOT APPLY TO THE COMMISSION; TO PROVIDE THAT UNLESS OTHERWISE SPECIFICALLY AUTHORIZED, STATE LAWS REGULATING A STATE AGENCY SHALL NOT APPLY TO THE COMMISSION; TO LICENSE CHARITABLE BINGO; TO PROVIDE FOR A STATE-WIDE LOTTERY; TO AUTHORIZE THE COMMISSION TO CONDUCT WAGERING GAMES IN FACILITIES OWNED AND OPERATED BY THE COMMISSION OR MAY ENTER INTO A CONTRACT WITH ANY PERSON TO OPERATE WAGERING GAMES; TO LEGALIZE SHIPMENTS OF GAMBLING DEVICES INTO STATE; TO REQUIRE APPROVAL BY THE VOTERS OF A COUNTY BEFORE WAGERING GAMES MAY BE CONDUCTED IN THE COUNTY; TO ESTABLISH WAGERING DISTRICTS CONSISTING OF COUNTIES THAT APPROVE THE CONDUCT OF WAGERING GAMES; TO ESTABLISH WAGERING DISTRICT ADVISORY COMMITTEES; TO PROVIDE THAT A PORTION OF THE PROCEEDS FROM WAGERING GAMES, WAGERING FACILITIES, AND ANCILLARY OPERATIONS SHALL BE USED IN WAGERING DISTRICTS TO PROVIDE SUPPORT TO LOCAL TAXING UNITS, REBATES TO TAXPAYERS FOR A PORTION OF REAL PROPERTY TAXES PAID, AND REIMBURSEMENT TO RESIDENTS FOR A PORTION OF THEIR HEALTH INSURANCE PREMIUMS; TO AUTHORIZE AGREEMENTS BETWEEN THE COMMISSION AND THOROUGHBRED RACING TRACKS AND GREYHOUND RACING TRACKS FOR THE CONDUCT OF WAGERING GAMES BY THE TRACKS; TO AUTHORIZE THE COMMISSION TO CONDUCT PROMOTIONS THAT GIVE AWAY LODGING, FOOD, NON-ALCOHOLIC OR ALCOHOLIC BEVERAGES, OR ANY THING OF VALUE; TO PROVIDE FOR THE SERVICE OF ALCOHOLIC BEVERAGES AT WAGERING FACILITIES; TO CONTRACT IN THE COMMISSION'S NAME, BORROW MONEY AND EXECUTE NEGOTIABLE EVIDENCES OF DEBT, TO PLEDGE REVENUE, AND TO ACQUIRE PROPERTY, TO AUTHORIZE THE COMMISSION TO EXERCISE THE POWER OF EMINENT DOMAIN; TO PROVIDE THAT THE DEBTS AND LIABILITIES OF THE COMMISSION SHALL NOT BE DEBTS OR LIABILITIES OF THE STATE OF ARKANSAS; TO ESTABLISH THE QUALIFICATIONS OF AND METHOD OF SELECTING COMMISSIONERS OF THE COMMISSION AND THEIR TERMS OF OFFICE; TO NAME CHARLES ORMOND AS THE INITIAL DIRECTOR OF THE COMMISSION; TO ALLOW THE COMMISSION TO ESTABLISH THE SALARIES OF THE DIRECTOR, COMMISSIONERS, AND EMPLOYEES; TO AMEND SECTION 14 OF ARTICLE 19 OF THE ARKANSAS CONSTITUTION TO CONFORM WITH THIS PROPOSED AMENDMENT; AND FOR OTHER PURPOSES
You have previously submitted popular names and ballot titles for similar proposed measures, which were rejected on the grounds of certain ambiguities in the text of the proposed measures. See, e.g., Op. Att'y Gen. 2005-128 and 2005-089.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject your proposed popular name and ballot title due to an obvious typographical error in the text of your measure. In addition, I will note two additional potential ambiguities in your text. A number of additions or changes to your popular name and ballot title will be necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of this typographical error and consideration of the listed ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following typographical error and ambiguities:
 1. Section 3 of your proposed amendment governs the appointment and service of temporary commissioners and a temporary director for the Arkansas Commission on Lotteries and Wagering. Subsection (c) of this Section is not a complete sentence and I am therefore uncertain as to its intended effect. It provides in its entirety:" Upon the expiration of the term of an initial commissioner appointed by the Governor under this section,". I am unable to certify a ballot title and popular name for your measure without knowing the intended effect of this provision.
 2. Any number of other questions may arise as to the implementation of your measure. As noted above, however, a "ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke." Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Because I must again reject your proposed ballot title and popular name due to an obvious typographical error, I will proceed to list two other potential ambiguities (not previously mentioned), that may impact upon my ability to certify a ballot title for your measure. You may wish to consider the following: A) You have now set out detailed procedures for the election of Commissioners and have set their qualifications, but it is somewhat unclear whether a candidate for Commissioner (at least one paying a filing fee) will be required to file a "political practices pledge," which includes a certification that the candidate has not been convicted of a felony. See e.g., A.C.A. § 7-6-102 (as amended by Act 67 of 2005). In my opinion uncertainty as to whether such a pledge is required, and the consequent uncertainty as to whether candidates for Commissioner may be convicted felons, may give the voters "serious ground for reflection." The absence of any regulatory authority of the General Assembly over this issue and the uncertainty surrounding the applicability of other constitutional requirements in this regard to the constitutionally-created Commissioners (see Arkansas Constitution, art. 5, § 9), compound the issue. B) Section 8 of your proposed measure addresses wagering and provides that the Commission may conduct and regulate wagering games or "may enter into a contract with any person to operate wagering games." I am somewhat uncertain as to whether the language of this sentence, being phrased in the singular ("a contract," "any person"), authorizes the Commission to contract with a single entity to operate all wagering games, or whether multiple contracts with multiple persons is contemplated.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MIKE BEEBE Attorney General
MB/cyh